## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. L. Washburn
County Auditor
Harris County
Houston, Texas

Dear Mr. Washburn:

Opinion No. O-5435

Re: Senate Bill No. 145, 48th
Legislature -- physical
vacancy in public office.

      You request the opinion of this department upon the question whether the acceptance of a temporary appointment by the Criminal District Attorney of Harris County, as Major in the Army of the United States, has caused a vacancy in the office of Criminal District Attorney of that county, which would preclude the payment of his salary.

      The appointment of the Criminal District Attorney of Harris County to the office of Major in the Army of the United States is of the same character as that which was involved in the case of Cramer v. Sheppard, 167 S. W. (2) 147. It was the holding of the Supreme Court of the State of Texas in that case that the acceptance by a civil officer of the State of a temporary appointment as an officer in the Army of the United States, did not create a vacancy in the civil office held under this State, by virtue of the provisions of Article 16, Section 40, of the Constitution of the State of Texas. Since the Criminal District Attorney has not vacated his office by accepting and qualifying for the office of Major in the Army of the United States, he is, under existing laws, entitled to his salary.

      You refer to Senate Bill 145, passed by the 48th Legislature, the applicable part of which reads as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable H. L. Washburn - page 2

"Section 1. When there shall occur a physical vacancy in a public office in this State, by reason of death or otherwise, the duties and powers of such office shall immediately devolve upon the first assistant or chief deputy if there be one, who shall conduct the affairs of the office until the vacancy in the term thereof shall be filled by the appointment or election and qualification of a successor to the principal officer; should any such vacancy occur while the Legislature is in session (where the appointee must be confirmed by the Senate) such first assistant or chief deputy (as such) shall not discharge the duties of the office for a longer period than three (3) weeks and in no event after such session of the Legislature has adjourned. The provisions hereof shall not apply to vacancies in the membership of boards or commissions."

This Act has no application whatsoever to the situation herein involved. Its purpose is to provide for the continuing operation of a public office in this State in the interim between the occurrence of a physical vacancy in such office and the time when an appointment can be made to fill such vacancy, and the appointee duly qualify. The term "physical vacancy" is used to distinguish between a vacancy in office and a vacancy in the term.

"A distinction may be drawn between a vacancy in office and a vacancy in the term. By a vacancy in an office is usually meant that the office is empty and that it is without an incumbent who has a right to exercise its functions and take its fees and emoluments." -- 22 R.C.L. p. 438.

The term "physical" or "corporal" vacancy is a term used to describe a "vacancy in office". 22 R.C.L. p. 438; 42 Am.Jur. p.977.

It is clear, we think, that Senate Bill 145 was not intended to apply to the situation where a public officer is simply absent or fails to attend to the duties of his office. The term "physical vacancy", in our opinion, was

Honorable H. L. Washburn - page 3

used advisedly to refer to the situation where the office is without an incumbent either de jure or de facto.

It is well established that the mere absence of a public officer, or his failure to discharge the duties of his office, does not ipso facto create a vacancy, either in the office or in the term.

Under the decision above mentioned, your Criminal District Attorney is still such de jure, hence Senate Bill No. 145 does not apply.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By     *R.W.Fairchild*

R. W. Fairchild
Assistant

RWF-MR

APPROVED JUL 15, 1943

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN